UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                   )
PFIZER INC.,                       )
PHARMACIA & UPJOHN COMPANY, and    )
PFIZER HEALTH AB                   )
                                   )  Case No: 07-CV-11198 (LTS) (KNF)
                Plaintiffs,        )
                                   )
        v.                         )
                                   )
TEVA PHARMACEUTICALS USA, INC.     )
                                   )
                Defendant.         )
_____)

## DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") moves to transfer this action to the United States District Court for the District of New Jersey, where, for nearly four years, the same parties have been litigating the validity and enforceability of the same principal patent that plaintiffs claim to be infringed in this action, United States Patent No. 5,382,600 ("'600 patent"). *See Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.,* No. 04-1418 DMC (D.N.J. 2004); *Pfizer, Inc. v. IVAX Pharmaceuticals, Inc.,* No. 07-CV-0174 DMC (D.N.J. 2007). The interests of judicial efficiency weigh heavily in favor of transfer. Plaintiffs have filed two prior actions against Teva alleging infringement of the '600 patent, and the same parties have been litigating issues concerning the validity and enforceability of the '600 patent in the District of New Jersey since early 2004. Fact and expert discovery has been nearly completed, and motions for summary judgment are due on March 7, 2008. Transferring this action to the District of New Jersey will facilitate judicial efficiency by taking advantage of the District of New Jersey's

experience with the issues between the parties, avoiding duplicative discovery, and permitting the scheduling of joint hearings and conferences as appropriate.

The private interests favor neither forum. Witnesses, proof, and all discovery necessitated by this action are as convenient in the District of New Jersey as they are here. Although plaintiffs have chosen this forum for this new action, they *twice* chose the District of New Jersey as the forum for their prior actions against Teva involving the same '600 patent asserted here. The balance of interests overwhelmingly weigh in favor of transfer.

## BACKGROUND

### *New Litigation Involving the '600 Patent*

This is a patent infringement action under the Hatch-Waxman Act, 21 U.S.C. § 355(j), commenced on December 12, 2007 by Pfizer, Inc., Pharmacia & Upjohn Company LLC, and Pfizer Health AB (collectively, "Pfizer"). Pfizer alleges that Teva's manufacture, use, sale or offer for sale of tolterodine tartrate extended release capsules, 2 and 4 mg ("tolterodine ER capsules") would infringe the '600 patent and two other patents, U.S. Patent Nos. 6,630,162 ("'162 patent") and 6,770,295 ("'295 patent") (collectively, "patents-in-suit"). (Comp. ¶¶ 19-30.)

The '600 patent, a so-called "compound patent," is directed to a class of chemical compounds—3,3-diphenylpropylamines—and the pharmaceutical compositions thereof. (Compl., Ex. A.) These compounds include tolterodine tartrate, which is the active ingredient in Pfizer's product Detrol LA® and Teva's tolterodine ER capsules. Affidavit of Don M. Kennedy dated January 16, 2008 ("Kennedy Aff."), ¶ 4. The '162 patent and '295 patent are so-called "formulation patents." They are directed to controlled release formulations of tolterodine having certain pharmacological properties and methods for using such formulations to treat unstable or overactive urinary bladder. (Compl. ¶¶ 11, 13 & Exs. B, C).

*Prior Pending Litigation Concerning the '600 Patent*

This is the third action between the parties involving the '600 patent. This new action concerns the parties' extended release ("ER") drugs; the prior two cases concerned immediate release ("IR") products. In the first action, commenced in March 2004 ("First Action"), Pfizer alleged that Teva's commercial manufacture, use or sale of tolterodine tartrate tablets, 1 and 2 mg ("tolterodine IR tablets") would infringe that patent. *See* Complaint ¶ 20 in *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 04-1418(DMC) (dismissed March 2007), Kennedy Aff. Ex. 1. Teva filed an answer and counterclaims in the First Action seeking a declaratory judgment that the '600 patent was invalid for obviousness and unenforceable because of inequitable conduct by the inventors and their attorneys during the prosecution of the '600 patent. Teva conceded infringement of the '600 patent, if it was otherwise valid and enforceable. (Kennedy Aff. ¶ 6.)

In late 2006, after Teva had acquired IVAX Corporation and its subsidiary IVAX Pharmaceuticals, Inc. (Kennedy Aff. ¶ 7), Teva decided to forego further development of its tolterodine IR tablets tablet in favor of IVAX's formulation of tolterodine IR tablets and to withdraw Teva's ANDA. Teva's withdrawal of its ANDA was effective on December 28, 2006, and IVAX amended its ANDA concerning tolterodine IR tablets on January 10, 2007 to assert a Paragraph IV Certification that Pfizer's '600 patent was invalid and/or unenforceable. (Kennedy Aff. ¶¶ 7-9.)

The next day, January 11, 2007, Pfizer commenced a second action for infringement of the '600 patent in the District of New Jersey, this time against IVAX ("Second Action"). (Kennedy Aff. ¶ 10.) IVAX asserted the same affirmative defenses and counterclaims that Teva raised in the First Action. Teva joined the action as a counterclaim-plaintiff, and Pfizer then joined Teva as a defendant as well. (Kennedy Aff. ¶ 11.) With court approval of the District of New Jersey, the parties agreed to dismiss the First Action and stipulated in the Second Action

3

that all fact and expert discovery taken in the First Action would be treated as if taken in the Second Action, and that the parties would not duplicate discovery from the First Action. (Kennedy Aff. ¶ 12.)

In the First and Second Actions, the parties have actively litigated the validity and enforceability of the '600 patent in the District of New Jersey for nearly four years. Discovery has been extensive and has included the production of several hundred thousand pages of documents; 18 depositions, including depositions of inventors, prosecuting attorneys and others, of which four depositions took place in Sweden where a number of non-party inventors and witnesses reside; and the submission of reports from and the depositions of eight expert witnesses. (Kennedy Aff. ¶ 13.) In addition, the parties have briefed, and the District of New Jersey has considered, numerous important disputes concerning the scope of discovery on the validity and enforceability of the '600 patent, including discovery regarding secondary considerations of non-obviousness of the compounds claimed in the '600 patent. Although the First and Second Actions concerned Teva's and IVAX's ANDAs for the immediate release ("IR") form of tolterodine, Pfizer also sought, and the District of New Jersey permitted, certain discovery from Teva on the extended release ("ER") products at issue in this new action—Detrol LA® and Teva's tolterodine ER capsules. (Kennedy Aff. ¶ 15.) Discovery in the Second Action is nearly completed, and motions for summary judgment are due on March 7, 2008.

## APPLICABLE LAW

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." [I]n determining whether to transfer venue, courts examine: (1) whether the action could have been brought in the proposed transferee forum; and (2)

whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice. *Coker v. Bank of America*, 984 F. Supp. 757, 764 (S.D.N.Y. 1997).

## ARGUMENT

### I. COURTS ROUTINELY TRANSFER PATENT CASES TO DISTRICTS WHERE THE SAME PATENT IS ALREADY BEING LITIGATED.

The Second Circuit has stated that "[t]here is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, [duplicative] litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) (transferring patent action to Delaware court, which had "invested substantial time in scheduling conferences, presiding over discovery disputes and ruling on several motions"). "[C]ourts have observed that transfer is particularly appropriate in patent cases where a prior pending lawsuit involves the same facts, transactions, or occurrences...." *Inline Connection Corp. v. Verizon Internet Servs., Inc*, 402 F. Supp. 2d 695, 702 (E.D. Va. 2005).

Courts have routinely transferred patent infringement lawsuits in instances such as this one -- where litigation involving the same patent was ongoing in another jurisdiction. *See, e.g., E.I. DuPont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981) (holding that the "overriding fact" in its transfer decision was the waste of judicial resources that would result from duplicative patent validity actions); *Air Prods. & Chems., Inc v. MG Nitrogen Servs., Inc.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001) (holding, without any discussion of other §1404(a) factors, that "the interests of judicial economy dictate that an action involving the same patents-in-suit and most of the same parties should not proceed simultaneously in two different district courts"); *Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile*

*Commc'ns Co.*, 402 F. Supp. 2d 731 (E.D. Tex. 2005) (transferring where three of the same patents-at-issue were also at issue in litigation before the transferee court ); *Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169 (W.D. Wis. 2007) (transferring where the plaintiff had a pending suit in another district involving one of the patents before the court); *ImagePoint Inc. v. Keyser Indus., Inc.*, No. 3:04-CV-119, 2005 WL 1242067 (E.D. Tenn. May 25, 2005) (holding that the pending related case in the Eastern District of Kentucky provided a powerful reason to transfer); *Aventis Pharma S.A. v. Sandoz Inc.*, No. 06-3671(MLC), 2007 WL 1101228, at *3 (D.N.J. April 10, 2007) (holding that the transferee-judge's familiarity with the patents and defenses at issue favor transfer).

## II.    TRIAL EFFICIENCY AND THE INTERESTS OF JUSTICE FAVOR TRANSFER TO THE DISTRICT OF NEW JERSEY.

The '600 patent claims a class of chemical compounds, including tolterodine tartrate, which is the active ingredient in Pfizer's IR and ER products, and Teva's proposed IR and ER products. In its Answer and Counterclaims, filed with this Court on January 3, 2008, Teva has alleged that the '600 patent is invalid or unenforceable, the same defenses that were previously asserted in the two prior New Jersey actions. The First and Second Actions were assigned to District Judge Dennis M. Cavanaugh and Magistrate Judge Mark Falk. Magistrate Judge Falk has considered approximately 25 letters and letter briefs from the parties, primarily relating to discovery disputes and case management issues, and the parties have filed additional motions with Judge Cavanaugh – a motion to consolidate the two cases and two separate motions to dismiss—although such motions were ultimately withdrawn. There have been 15 status conferences, telephone conferences and hearings in the District of New Jersey and that court has become familiar with legal issues and discovery issues relevant to the parties' claims and defenses concerning the '600 patent. (Kennedy Aff. ¶ 14.)

Transferring this action to a court that already has extensive familiarity with the primary patent asserted in this action would conserve judicial time and resources. *See Aventis Pharma S.A. v. Sandoz Inc.*, No. 06-3671(MLC), 2007 WL 1101228, at *3 (holding that the transferee-judge's familiarity with the patents and defenses at issue favor transfer); *Zoltar*, 402 F.Supp.2d at 735, 737 (interest in judicial efficiency favored transfer where transferee court was familiar with and has ongoing litigation concerning three of the patents-in-suit).

In addition, transferring this action to the District of New Jersey would obviate duplicative discovery. Litigation concerning the validity and enforceability of '600 patent is close to completion in the District of New Jersey; the parties' motions for summary judgment are due on March 7, 2008. (Kennedy Aff. ¶ 16.) The parties have litigated and taken discovery concerning the validity and enforceability of the '600 patent for nearly four years. Duplicating that discovery on the '600 patent in this Court would waste the parties' and this Court's time and resources. Indeed, the District of New Jersey has already permitted Pfizer to take certain discovery related to the extended release drug products that are the subject of this action, Detrol LA® and Teva's tolterodine ER capsules. (Kennedy Aff. ¶ 15.) Enabling the District of New Jersey to manage additional discovery, if any, concerning the '600 patent would promote judicial efficiency by ensuring that there will be no duplicative discovery in this action.

Finally, transfer would permit joinder of hearings, and if desirable, consolidation of this action with the pending action between the parties concerning the '600 patent. Rule 42(a) of the Federal Rules of Civil Procedure permits a court to order a joint hearing, trial, or otherwise consolidate actions that involve common questions of law or fact. "The purpose of consolidation is to streamline pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.

3d 613, 724 (3d Cir. 1999). Here, because both actions involve the '600 patent, and because Teva has raised the same invalidity and unenforceability defenses with regard to that patent as it did in the prior pending action between the parties, proceedings concerning discovery, motion practice and court hearings on issues related to that patent can be consolidated in order to preserve judicial resources and promote the interests of justice. *See Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730-31 (S.D.N.Y. 1998) (judicial efficiency inherent in joint management of pre-trial discovery, settlement, and consolidation strongly favors transfer).

### III.   THE PRIVATE INTERESTS FAVOR NEITHER FORUM.

Transferring this action to the District of New Jersey would not adversely affect the private interests of the parties. None of the operative facts related to the parties' claims and defenses took place in New York or New Jersey. Most, if not all, of the potential witnesses reside outside New York and New Jersey and, in the case of the inventors of the asserted patents, outside the United States.[1,2] Therefore, proof and witnesses are as easily accessible in Newark, New Jersey, where the other action between the parties is pending, as they would be in New York. In any event, requiring any witnesses resident in New York to appear in nearby Newark would not be unduly burdensome. *See B.W.B. Controls, Inc. v. C.S.E. Automation Eng'g & Servs. Inc.*, 587 F. Supp. 1027, 1029 (W.D. La. 1984) (inconvenience to witnesses and location of documents of a two-hour drive far outweighed by convenience of trying patent infringement lawsuits involving the same patent before one judge).

---

[1]   Teva's principal office is in North Wales, Pennsylvania. To the extent any Teva affiliates have discoverable information, those affiliates are foreign entities. Therefore, both forums are equally convenient for Teva.

[2]   The face of the patents-in-suit indicate that all but one of the sixteen listed inventors are from Sweden or Denmark. One inventor is listed as being from Michigan. *See* U.S. Patent No. 5,382,600, U.S. Patent No. 6,630,162, and U.S. Patent No. 6,770,295, attached as exhibits A, B, and C, respectively, to Pfizer's Complaint.

The only arguable interest that favors this forum is Pfizer's interest in its own "choice of forum," and any inconvenience resulting from transfer that Pfizer may claim because its headquarters are located in New York. Pfizer's choice of forum should be given little weight in this case, because Pfizer, by filing two prior actions against Teva involving the '600 patent in the District of New Jersey, has shown its willingness to litigate in, and its preference for, that forum. *See Inline*, 402 F. Supp. 2d at 701-02 (plaintiff's choice of forum not afforded substantial weight where plaintiff chose transferee forum to litigate its patents for more than three years). In addition, "[i]n complex patent litigation involving a multitude of large companies with facilities and employees all over the country, the private interest factors often become diluted and less influential in the transfer analysis." *Zoltar*, 402 F.Supp.2d at 738. Pfizer brought two prior actions involving the '600 patent in the District of New Jersey. Therefore, where all other factors point toward transfer, Pfizer's "new" choice of this forum should not be given significant weight.

## IV.    BALANCING THE INTERESTS CLEARLY WEIGHS IN FAVOR OF TRANSFER.

The "interests of justice" factor "may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565-66 (Fed. Cir. 1997); *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220-21 (7th Cir. 1986). In *Regents of the University of California v. Eli Lilly & Co.*, the Federal Circuit Court of Appeals held that a district court properly placed determinative weight on the interests of justice factor in deciding to transfer a patent infringement case because litigation concerning the same patent was already in progress. The court reasoned that in cases where "several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a

court that has become familiar with the issues." *Id.* at 1565. Courts have recognized that there is a strong public policy favoring transfer of patent infringement actions to courts where litigation involving the same or a related patent is pending. The rationale underlying that policy is that patent infringement actions tend to involve complicated technology and, as a result, courts are required to expend significant time and effort to become familiar with that technology, the patents, and the accused infringing product. *See id.* Here, litigation between the parties concerning another tolterodine product and involving the principal patent of the three patents-in-suit has been ongoing for almost four years in the District of New Jersey. That court has developed expertise and familiarity with several issues that are to arise in this action, in particular in the context of discovery concerning the validity and unenforceability of the '600 patent. Where, as here, the *only* interest favoring the Southern District of New York is the "plaintiff's choice of forum", and where there is a great interest in judicial efficiency due to the nature of this suit and the legal and factual issues it raises, transfer should be made to the court that has already devoted substantial time and resources to those issues and the parties' positions – the District of New Jersey.

## **CONCLUSION**

WHEREFORE, Teva respectfully requests that this Court grant its motion to transfer the present action to the District of New Jersey.

Respectfully submitted,

Dated: January 16, 2008

GOODWIN PROCTER LLP,

/s/ David M. Hashmall
David M. Hashmall (DH9966)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
dhashmall@goodwinprocter.com
Tel: (212)813-8800
Fax: (212)355-3333

OF COUNSEL:

GOODWIN PROCTER LLP

Don M. Kennedy
dkennedy@goodwinprocter.com
(Pro Hac Vice Admission Pending)
Elaine H. Blais
eblais@goodwinprocter.com
(Pro Hac Vice Admission Pending)

GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I caused to be served by electronic means, via the Court's ECF system, the foregoing NOTICE OF MOTION, DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO TRANSFER AND AFFIDAVIT OF DON M. KENNEDY, on all counsel of record registered to receive electronic notices. I also certify that I have caused true copies of the aforementioned documents to be served via facsimile and Federal Express upon the non-CM/ECF participants.

/s/ David M. Hashmall
David M. Hashmall (DH9966)