UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN COMPANY, and PFIZER HEALTH AB,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>　　　　　　　　Defendant. | Case No: 07-CV-11198 (LTS) (KNF) |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER**

　　　Defendant Teva Pharmaceuticals USA, Inc. ("Teva") submits this reply brief in further support of its motion to transfer this action to the U.S. District Court for the District of New Jersey, where, for almost four years, the parties have been litigating the validity and enforceability of U.S. Patent No. 5,382,600 (the "'600 patent"), one of the three patents asserted by Plaintiffs Pfizer, Inc., Pharmacia & Upjohn Company, and Pfizer Health AB (collectively, "Pfizer") in this case. Pfizer's Opposition to Defendant Teva's Motion to Transfer ("Opposition") fails to articulate any convincing reason why it would not be more efficient and as convenient to try this action in the District of New Jersey. In fact, Pfizer admits that "litigating in New Jersey would not be a hardship for either party." (Opposition at 11.) Where the parties have litigated the *same* issues regarding the *same* patent covering the *same* chemical compound in nearly the same drug product at issue here, in a court only eleven miles away, the

public interest in judicial efficiency compels the conclusion that transfer to that court is highly desirable.[1]

Pfizer repeatedly states that discovery in the New Jersey Action is closed "[w]ith the exception of IVAX's production of a few additional documents" and blames IVAX's "incomplete" production as the cause of any delay in the New Jersey Action. (Opposition at 4, 9-10.) Pfizer ignores the fact that discovery in the New Jersey Action would have been completed in its entirety in September 2007 had Pfizer not argued at the last-minute that discovery on <u>the very product at issue in this case</u>, Detrol LA®, and Teva's generic equivalent, tolterodine tartrate extended release capsules, 2 and 4 mg ("Teva's Tolterodine ER Capsules"), was relevant to the issues raised in the New Jersey Action regarding the '600 patent. Second Affidavit of Don M. Kennedy dated February 19, 2008 (hereinafter "Second Kennedy Aff."), ¶¶ 2-4. In its briefing to the U.S. District Court in the New Jersey Action, Pfizer argued that information related to its "*tolterodine* franchise," including Detrol LA®, was relevant to the parties' "*tolterodine* litigation." (Second Kennedy Aff. ¶ 4.) After reviewing two rounds of briefing from the parties, and holding a hearing on the motion in November 2007, Magistrate Judge Falk granted Pfizer's motion, finding that Detrol LA® was "relevant in a discovery context to the issue of commercial success, which of course goes to negate obviousness, and obviousness is really [] one of the central issues in the case." (Second Kennedy Aff. ¶ 5.) Consequently, the "few additional documents" that Teva and IVAX were required to produce encompassed more than 17,000 pages of documents containing information on Pfizer's Detrol LA®, the drug product at issue in this case. (Second Kennedy Aff. ¶ 6.)

---

[1] For further factual background, Teva directs the Court to the statement of facts contained in its Memorandum in Support of its Motion to Transfer.

Having required the parties to brief, and Magistrate Judge Falk to become familiar with, the parties' respective positions on the relevance to the New Jersey Action of Detrol LA®, the drug product that is the subject matter of this case, Pfizer now argues, in an apparent change of heart, that there is insufficient overlap between this action and the New Jersey Action to warrant transfer. In its Opposition, Pfizer raises three principal arguments, none of which constitute a basis for denying Teva's motion to transfer. First, Pfizer argues that courts have required complete identity of issues and patents before transferring an action to another jurisdiction where litigation is pending. (Opposition at 6-8.) That is not the law. Transfer is appropriate *anytime* the private or public interests weigh in favor of litigating a lawsuit in another jurisdiction. *See, e.g.*, *MasterCard Int'l, Inc. v. Lexcel Solutions, Inc.*, No. 03 Civ.7157(WHP), 2004 WL 1368299 (S.D.N.Y. June 16, 2004). Second, Pfizer argues that transfer will not promote judicial efficiency because the parties have completed discovery in the New Jersey Action, and, according to Pfizer, the "District Court in New Jersey has no head-start on the technology even of the lone overlapping patent." (Opposition at 8-10.) But judicial efficiency is gained when one court, rather than two, immerses itself in discovery issues, and when one court, rather than two, devotes time to the same patent, the same technology and products, and the same issues. If Teva's motion to transfer is denied, two courts will do all of those things for no good reason.

Finally, Pfizer argues that it is "entitled" to its "choice of forum" and that this district may be more convenient for potential New York-based witnesses on a single issue. (Opposition at 10-11.) To the contrary, the law does not "entitle" Pfizer to its choice of forum, and the convenience of one or two witnesses on a single issue who work 11 miles from the District of New Jersey is a weak reed upon which to oppose transfer. (Second Kennedy Aff. ¶ 7.) Most significantly, as several courts have held, a plaintiff's choice of forum should be discounted and

3

be given no weight when that plaintiff, as Pfizer did here, previously has filed and actively litigated in the transferee court against the same party concerning the same patent.

1.  <u>Transfer to the District of New Jersey Will Promote Judicial Economy.</u>[2]

Pfizer argues that there is insufficient overlap of issues between this action and the New Jersey Action to warrant transfer because this action involves two additional patents. (Opposition at 6-7.) In support, Pfizer cites to inapposite cases where litigation in the transferee court involved either different patents, different products, or different defendants (or all three). Two of the four cases cited by Pfizer involve *no overlap* of patents-in-suit whatsoever.[3] Three of the four cases involved entirely different products or defendants (or both).[4] Pfizer asserts that *SmithKline Beecham Corp. v. Geneva Pharmceuticals, Inc.*, No. Civ.A. 99-CV-2926, 2000 WL 217642 (E.D. Pa. Feb. 11, 2000), shares facts "nearly identical to those before the Court." (Opposition at 6.) Not so. That case concerned transferring litigation to a court where litigation was ongoing against a *different defendant* and a *different product*. In none of the cases cited by Pfizer in which courts denied a motion to transfer were the *same parties* litigating the *same issues* regarding the *same patent*, as is the case here.

---

[2]  Pfizer inaccurately states that "Teva concedes that the remaining factors do not support its motion." (Opposition at 5.) Teva made no such concession. What Teva said is that all other factors are neutral. In its opening brief, Teva addressed all of the factors courts consider and stated that transfer "would not adversely affect the private interests of the parties." (Teva's Memorandum in Support of its Motion to Transfer at 9-10.)

[3]  *See Datamize, Inc. v. Fidelity Brokerage Servs., LLC*, No. 2:03-CV-321-DF, 2004 WL 1683171, at *1-2 (E.D. Tex. Sept. 5, 2003) (the patent before the transferor court, the '040 patent, and the patent before the transferee court, the '137 patent, "have different claims, claim limitations, claim scopes, and prior art citations for consideration by the Court during any claim construction, infringement, or validity determinations"); *Pall Corp. v. PTI Techs., Inc.*, 992 F.Supp. 196, 197-98, 202 (E.D.N.Y. 1998) (the patents before the transferee court, the '479 and '041 patents, and the patent before the transferor court, the '465 patent, constitute "separate and distinct invention[s]").

[4]  *See Datamize*, 2004 WL 1683171, at *2, 4; *ConnecTel, LLC v. Cisco Sys., Inc.*, No. 2:04-CV-396, 2005 WL 366966, at *3 (E.D. Tex. Feb. 16, 2005); *SmithKline Beecham Corp. v. Geneva Pharms., Inc.*, No. Civ.A. 99-CV-2926, 2000 WL 217642, at *1 (E.D. Pa. Feb. 11, 2000).

Pfizer also suggests that transfer may not be granted "in the absence of complete overlap", and that because this action involves two patents not at issue in the New Jersey Action (the '162 and '295 patents) and related to a different drug product (Detrol LA®), transfer will not promote judicial economy.[5] (Opposition at 7-9.) To the contrary, "that actions be identical or duplicative is *not* a prerequisite to transfer." *The Whistler Group, Inc. v. PNI Corp.*, No. Civ. A.3:03-CV-1536-G, 2003 WL 22939214, at *5 & n.3 (N.D. Tex. Dec. 5, 2003) (emphasis added). In fact, a number of courts have held that transfer is warranted even when there is *no overlap* of patents-in suit.[6] In *Abbott Laboratories v. Selfcare, Inc.*, the court transferred an action to another jurisdiction where there was ongoing litigation between the same parties over a different patent, but substantially similar technology, because both actions "involve[d] similar complex and factual questions that will require the expenditure of considerable time and effort" and "[r]equiring two courts to devote limited resources educating themselves about the same underlying technology would undermine values of judicial economy." *Abbott Labs. v. Selfcare, Inc.*, No. 98 C 7102, 1999 WL 162805, at *2 (N.D. Ill. Mar. 15, 1999).

---

[5] In its Opposition, Pfizer states that the FDA may not grant Teva approval unless "Teva proves that its manufacture, use, sale or offer to sell its proposed generic product will not infringe a valid, enforceable claim of any of the '600, '162, and '295 patents. (Opposition at 2.) Pfizer is wrong as a matter of law. First, it is Pfizer that has the burden of proving that Teva will infringe the asserted patents. Second, a court may grant Teva final approval, even where the patent litigation has not been resolved, thirty months after Pfizer's receipt of Teva's Paragraph IV Notice. *See* 21 U.S.C, §355(j)(5)(B)(iii).

[6] *See, e.g., Abbott Labs. v. Selfcare, Inc.*, No. 98 C 7102, 1999 WL 162805, at *2 (N.D. Ill. Mar. 15, 1999) (granting transfer motion where "two actions, even though directed at different patents, involve[d] the same parties and substantially similar technology"); *The Whistler Group, Inc.*, 2003 WL 22939214, at *5 (finding that "the interests of justice" factor required transfer where the two actions involved the same parties and similar, but not the same, patents); *Mediatek, Inc. v. Sanyo Elec. Co., Ltd.*, No. 6:05 CV 323, 2006 WL 463871, at *3 (E.D. Tex. Feb. 17, 2006) ( transferring where distinct patents were "similar enough" so that litigating them together would "produce the most convenient and efficient resolution"); *MasterCard*, 2004 WL 1368299, at *1-2, 8 (holding that judicial economy dictated transfer where the same parties and technology, but not the same patent, were before the transferee court).

Pfizer also argues that discovery in the New Jersey Action is nearly complete and that there will be no duplication of effort should this action be maintained here.[7] First, Pfizer's position is based on a misconception of the law. Judicial economy is focused on the *public* interest in avoiding duplicative work, not by the parties, but by the courts. Second, Magistrate Judge Falk already has intimate and extensive familiarity with discovery issues concerning the '600 patent. Although it admits that the parties have undertaken "complex discovery" concerning the '600 patent in the New Jersey Action, Pfizer argues that District Court Judge Cavanaugh "has had no opportunity to become familiar with the '600 patent." (Opposition at 10.) Again, Pfizer misses the point. Summary judgment briefing on the '600 patent in the New Jersey Action is now due only seven weeks after the scheduling conference in this action, on April 25, 2008. (Second Kennedy Aff. ¶ 8.) Thus, in short order, and certainly before this Court has a chance to do so, Judge Cavanaugh undoubtedly will be familiar with all of the issues regarding the validity and enforceability of the '600 patent, the chemical compounds that are the subject matter of that patent, and other related issues concerning Pfizer's "*tolterodine* franchise." Transfer of this action will obviate the need of having two courts spend resources and time to become experts on those issues.[8] Judicial economy plainly weighs in favor of transfer.

---

[7]   Although the parties have discussed avoiding duplicative discovery on the '600 patent in this action, to date, no agreement has been finalized on that issue.

[8]   Pfizer attempts to distinguish cases cited by Teva such as *Zoltar Satellite Systems, Inc. v. LG Electronics Mobile Communications Co.*, 402 F. Supp. 2d 731 (E.D. Tex. Nov. 29, 2005) and *Imagepoint Inc. v. Keyser Industries, Inc.*, No. 3:04-CV-119, 2005 WL 1242067 (E.D. Tenn. May 25, 2005), on the basis that those cases involved additional circumstances warranting transfer that are not present here. Pfizer overlooks the central premise underlying each of those decisions, that transfer will promote the public interest in judicial efficiency. As in those cases, transfer of this action to the District of New Jersey will promote judicial efficiency by requiring only one court to learn the technology underlying the '600 patent and to become familiar with Pfizer's "*tolterodine* franchise."

6

2.There Are No Interests That Weigh Against Transfer.

Pfizer asserts that this action should be maintained here because a "plaintiff's choice of forum should rarely be disturbed" and because there is a possibility that there might be some added convenience as to witnesses with knowledge on a single issue – sales and marketing of Detrol® products – who work in Pfizer's Manhattan office and who may be asked to testify. (Opposition at 1, 10.) Neither of these "interests" justify maintaining this action in this district, especially given the judicial efficiency gained from transfer. In this case, Pfizer's choice of forum should be given little weight. Courts have repeatedly recognized that "[t]he preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right." *E.I. DuPont de Nemours & Co. v. Diamond Shamrock Co.*, 522 F. Supp. 588, 592 (D. Del. 1981). *See also Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 738 (E.D. Tex. Nov. 29, 2005); *The Whistler Group*, 2003 WL 22939214, at *5. In complex patent litigation, courts give even less deference to plaintiff's choice of forum, particularly where, as here, the plaintiff has previously chosen to litigate the same patent against the same party in the transferee court. *See Inline Connection Corp. v. Verizon Internet Servs., Inc,* 402 F. Supp. 2d 695, 702 (E.D. Va. 2005). Here, Pfizer has done so *twice*. Pfizer had its choice of forum to litigate the '600 patent *twice* previously, and *both* times Pfizer chose the District of New Jersey. In the last four years, Pfizer has filed at least seven patent infringement actions in the District of New Jersey. (Second Kennedy Aff. ¶ 7.) Moreover, both parties already have local counsel who represent them in the New Jersey Action and who have represented the parties many times before.

Pfizer's assertion that there might be witnesses on the non-central issues of sales and marketing who work in Manhattan, and, therefore, prefer a New York forum, is not a reason to

7

deny transfer. The U.S. District Court in Newark, New Jersey is approximately 11 miles from Manhattan. Indeed, depending on where Pfizer's witnesses reside, that court could be more convenient than this district.

In *Inline Connection Corp. v. Verizon Internet Services, Inc.*, a case in which the district court discounted the plaintiff's choice of forum in its transfer analysis, the court's reasoning is directly on point:

> Plaintiff's choice of forum should not be accorded great weight where, as here, Plaintiff originally selected a separate forum within which to litigate its patents and is simultaneously engaged in litigation in that forum. Indeed, Plaintiff cannot contend that the Delaware forum is inconvenient when it chose to litigate there for over three years. Additionally, Plaintiff's reliance upon the presence of Verizon in Virginia as the reason for filing here does not comport with Plaintiff's original choice of Delaware as the forum to bring suit against Verizon. Thus, Plaintiff's initial preference for the Delaware forum for both Parties and its ongoing presence in that forum, leads the Court to discount any importance the Court would otherwise place upon Plaintiff's or Verizon's presence in Virginia.

*Id.* at 701-02 (citations omitted). Similarly, this Court should give little weight to Pfizer's new choice of forum and any convenience that Pfizer now seeks to attribute to it, particular where Pfizer has twice chosen to litigate many of these same claims in the District of New Jersey. Indeed, as Pfizer admits, "litigating in New Jersey would not be a hardship for either party." (Opposition at 11.)

## **CONCLUSION**

WHEREFORE, Teva respectfully requests that this Court GRANT its motion to transfer the present action to the District of New Jersey.

                          Respectfully submitted,

Dated: February 19, 2008              GOODWIN PROCTER LLP,

/s/ David M. Hashmall
David M. Hashmall (DH9966)
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
dhashmall@goodwinprocter.com
Tel: (212)813-8800
Fax: (212)355-3333

OF COUNSEL:

GOODWIN PROCTER LLP

Don M. Kennedy
dkennedy@goodwinprocter.com
(Pro Hac Vice Admission Pending)
Elaine H. Blais
eblais@goodwinprocter.com
(Pro Hac Vice Admission Pending)

GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that on February 19, 2008, I caused to be served by electronic means, via the Court's ECF system, the foregoing DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER AND SECOND AFFIDAVIT OF DON M. KENNEDY IN SUPPORT OF DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S MOTION TO TRANSFER , on all counsel of record registered to receive electronic notices. I also certify that I have caused true copies of the aforementioned documents to be served via facsimile and Federal Express upon the non-CM/ECF participants.

    /s/ David M. Hashmall
    David M. Hashmall (DH9966)