UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN COMPANY LLC, and PFIZER HEALTH AB, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | Civil Action No. 07-11198-LTS(KNF) <br><br> **Rule 16 Conference:** <br> **March 7, 2008** |

**PRELIMINARY PRE-TRIAL STATEMENT**

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) and to this Court's December 21, 2007 Initial Conference Order, and respectfully submit the following Preliminary Pre-Trial Statement, with alternative proposals for the Court's consideration of specific issues so designated. To facilitate timely filing, counsel for Defendant authorizes counsel for Plaintiff to file this document without awaiting a counterpart signature. The parties intend to cooperate with each other reasonably in the event that a party requires additional discovery prior to seeking any such relief from the Court.

A. **The Nature of This Action**

*Plaintiffs' Statement*

Plaintiffs Pfizer Inc., Pharmacia & Upjohn Company LLC, and Pfizer Health AB (collectively, "Pfizer") bring this action, alleging that Defendant Teva Pharmaceuticals USA, Inc. ("Teva") has infringed U.S. Patent Nos. 5,382,600 (the "'600 patent"), 6,630,162 (the "'162

patent"), and 6,770,295 (the "'295 patent"), by filing Abbreviated New Drug Application No. 79-141 (the "Teva ANDA"), seeking FDA approval to engage in the commercial manufacture, use, and sale of tolterodine tartrate extended release capsules, in 2 and 4 mg dosages (the "Teva Product"), prior to the expiration of the '600, '162 and '295 patents.

*Defendant's Statement*

Teva asserts defenses and counterclaims for declaratory judgments that all claims of the '600, '162 and '295 patents are invalid, that Teva does not and will not infringe the claims of the '162 and '295 patents even if such claims are valid, and that the '600 patent is unenforceable for inequitable conduct.

### B. This Court's Jurisdiction

*Plaintiffs' Statement*

This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Teva by virtue of, inter alia: (1) its presence in New York, (2) its systematic and continuous contacts with New York, including its substantial and ongoing sale of generic drugs in New York; and (3) its prior consent to personal jurisdiction in this judicial district.

*Defendant's Statement*

Teva does not contest that this Court has subject matter over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Teva does not contest that this Court has personal jurisdiction over Teva for purposes of this litigation. In the interest of judicial efficiency, however, Teva has moved to transfer this action to the United States District Court for the District of New Jersey, where, for nearly four years, the same parties have been litigating the validity and enforceability of the '600 patent. See Pfizer Inc. v. Teva Pharms. USA, Inc., No. 04-1418 DMC (D.N.J. 2004);

Pfizer Inc. v. IVAX Pharms. Inc., No. 07-CV-0174 DMC (D.N.J. 2007). Teva's motion to transfer has been fully briefed. Both sides have requested a hearing.

### C. Material Uncontested or Admitted Facts

*Plaintiffs' Statement*

Pfizer sells tolterodine tartrate extended release capsules, in 2 and 4 mg dosages, under the trade name Detrol ® LA. Detrol ® LA is covered by the '600, '162 and '295 patents. The Teva ANDA contains a certification stating that the Teva Product does not infringe any valid, enforceable claim of the '600, '162, and '295 patents.

*Defendant's Statement*

Pfizer sells tolterodine tartrate extended release capsules, in 2 and 4 mg dosages, under the trade name Detrol ® LA. The Teva ANDA contains a certification stating that the Teva Product does not infringe any valid, enforceable claim of the '600, '162 and '295 patents.

### D. Uncontested Legal Issues

*Plaintiffs' Statement*
Pfizer is not aware of any uncontested legal issues at this time.

*Defendant's Statement*

In order to narrow the issues for discovery and trial in this matter, Teva stipulates, for the purposes of this litigation only, that its intended manufacture, use, sale or offer for sale in the United States of the proposed Teva Product would infringe claim 4 of the '600 patent, unless such claim 4 is held invalid or unenforceable, and would infringe claim 6 of the '600 patent, unless such claim 6 is held invalid or unenforceable.

Teva also stipulates, for the purposes of this litigation only, that the proposed Teva Product includes the following compound, which is the active pharmaceutical ingredient in the

proposed Teva Product: (+)-N,N-diisopropyl-3-(2-hydroxy-5-methylphenyl)-3-phenylpropylamine.

E. **Legal Issues to be Decided by the Court**

*Plaintiffs' Statement*

The validity of the '600, '162, and '295 patents, the enforceability of the '600 patent, and the infringement of the '600, '162, and '295 patents are the legal issues to be decided by the Court.

It is not certain that the court in <u>Pfizer Inc.</u> v. <u>IVAX Pharms. Inc.</u>, No. 07-CV-0174 DMC (D.N.J. 2007), will determine the validity and enforceability of the '600 patent before this Court will have the opportunity to do so. Thus, as Teva acknowledges in its statements of the <u>Nature of This Action</u>, <u>Defendant's Causes of Action</u>, and <u>Defendant's Defenses Asserted</u>, the '600 patent presents legal issues for this Court's resolution.

*Defendant's Statement*

The validity and infringement of the '162 and '295 patents are the legal issues to be decided by the Court.

The validity and enforceability of the '600 patent are at issue in the prior pending case in the District of New Jersey, <u>Pfizer Inc.</u> v. <u>IVAX Pharms. Inc.</u>, No. 07-CV-0174 DMC (D.N.J. 2007), and should not be re-litigated in this action. For that reason, Teva has moved to transfer the present action. See Section B, above.

F. **Material Disputed Facts**

The parties dispute material facts necessary to determine the legal issues identified in Section E, above.

## G. Causes of Action Asserted

*Plaintiffs' Causes of Action*

Pfizer alleges that Teva has infringed the '600, '162, and '295 patents, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting ANDA No. 79-141, by which Teva seeks approval from the FDA to engage in the commercial manufacture, use, or sale of the Teva Product prior to the expiration of the '600, '162, and '295 patents. Teva's commercial manufacture, use, sale, offer to sell, or importation of the Teva Product into the United States would further infringe the '600, '162, and '295 patents under § 271(a). Additionally, Teva's inducement of or contribution to another party's infringing conduct during the term of the '600, '162, and '295 patents would constitute infringement by Teva under § 271(b) and/or (c).

*Defendant's Causes of Action*

Teva asserts counterclaims for declaratory judgments that all claims of the '600, '162 and '295 patents are invalid for failing to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. § 101, 102, 103 and 112. Teva asserts counterclaims for declaratory judgments that Teva does not and will not infringe the claims of the '162 and '295 patents even if such claims are valid. Teva also asserts a counterclaim for declaratory judgment that the '600 patent is unenforceable for inequitable conduct because the inventors, their attorneys and others who had substantive involvement in the prosecution of the '600 patent intentionally breached their duty of candor and disclosure to the Patent and Trademark Office under 37 C.F.R. § 1.56. The validity and enforceability of the '600 patent are at issue in the prior pending case in the District of New Jersey, Pfizer Inc. v. IVAX Pharms. Inc., No. 07-CV-0174 DMC (D.N.J. 2007), and should not be re-litigated in this action. For that reason, Teva has moved to transfer the present action. See Section B, above.

## H. Defenses Asserted

*Plaintiffs' Defenses*

Pfizer asserts that the '600, '162 and '295 patents are valid and enforceable. Pfizer also asserts that Teva's manufacture, importation, sale, or offer for sale of the Teva Product, and the administration of the Teva Product within the United States, would infringe the claims of the '600, '162 and '295 patents under § 271(a), (b), and/or (c). Additionally, Pfizer asserts that Teva's counterclaims fail to state a claim upon which relief may be granted.

*Defendant's Defenses*

Teva asserts that all claims of the '600, '162 and '295 patents are invalid for failing to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. § 101, 102, 103 and 112. Teva asserts that Teva does not and will not infringe the claims of the '162 and '295 patents even if such claims are valid. Teva also asserts that the '600 patent is unenforceable for inequitable conduct because the inventors, their attorneys and others who had substantive involvement in the prosecution of the '600 patent, intentionally breached their duty of candor and disclosure to the Patent and Trademark Office under 37 C.F.R. § 1.56. The validity and enforceability of the '600 patent are at issue in the prior pending case in the District of New Jersey, Pfizer Inc. v. IVAX Pharms. Inc., No. 07-CV-0174 DMC (D.N.J. 2007), and should not be re-litigated in this action.. For that reason, Teva has moved to transfer the present action. See Section B, above.

## I. Measure and Burden of Proof for Each Cause of Action and Defense

*Plaintiffs' Statement*

For Pfizer to prevail on its claims and defenses, Pfizer must prove infringement of the '162 and '295 patents by a preponderance of the evidence. For Teva to prevail on its defenses

and counterclaims, Teva must prove invalidity of the '600, '162, and '295 patents, and the unenforceability of the '600 patent, by clear and convincing evidence.

*Defendant's Statement*

For Pfizer to prevail on its claims and defenses, Pfizer must prove infringement of the '162 and '295 patents by a preponderance of the evidence. For Teva to prevail on its defenses and counterclaims, Pfizer must fail to prove infringement of the '162 and '295 patents or Teva must prove the invalidity of '162 and '295 patents by clear and convincing evidence, and must prove either the invalidity or the unenforceability of the '600 patent, by clear and convincing evidence.

### J. Amendments to Pleadings

*Plaintiffs' Statement*
The parties agree that their respective pleadings may be amended without leave of the Court until August 15, 2008, and further agree that, until that time, the amending party will assent to any corresponding motion by the other party for a modification of the Scheduling Order made necessary by such amendment.

Beyond August 15, 2008, any party seeking to amend its pleadings must obtain leave of the Court.

*Defendant's Statement*

Teva proposes that the parties' respective pleadings may be amended without leave of the Court until June 13, 2008.

Beyond June 13, 2008, any party seeking to amend its pleadings must obtain leave of the Court.

### K. Consent to Trial Before Magistrate Judge

At this time, the parties do not consent to trial by Magistrate Judge, pursuant to 29 U.S.C. § 636(c) and Local Rule 73.1.

### L. Fed. R. Civ. P. 26(a) Disclosures

The parties have stipulated that the exchange of initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) shall be made by March 14, 2008.

### M. Subjects of Disclosure and Timing of Discovery

*Plaintiffs' Statement*

The parties agree that all discovery concerning the '600 patent previously taken by the parties in Pfizer Inc. v. Teva Pharms. USA, Inc., No. 04-1418 DMC (D.N.J. 2004), and Pfizer Inc. v. IVAX Pharms. Inc., No. 07-CV-0174 DMC (D.N.J. 2007), will be treated as if taken in this case. Further, the parties agree that they will not take any further discovery concerning the '600 patent in this action. This agreement shall not prevent Pfizer from taking discovery concerning the '600 patent to the extent such discovery is relevant to or may reasonably lead to the discovery of admissible evidence relevant to any secondary considerations of non-obviousness of the claimed inventions of the '162 and '295 patents.

Pfizer intends to disclose the names and locations of witnesses it believes may have discoverable information concerning the development of the technologies embodied in the asserted claims. Pfizer also intends to disclose relevant sales and marketing data for Detrol ® LA.

It is Pfizer's position that Teva is obligated to disclose information described in Rule 26(a) of the Federal Rules of Civil Procedure with respect to the following issues, at a minimum: 1) the research and development of the Teva Product, 2) the subject of the Teva ANDA, 3) the

testing and data underlying any information provided to the FDA that support the Teva ANDA, 4) Teva's decision to file the Teva ANDA, 5) the validity and enforceability of the '600 patent, and 6) the validity of the '162 and '295 patents. It is Pfizer's position that Teva's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure should include a complete copy of the Teva ANDA and any amendments to it, and communications with the FDA concerning the Teva ANDA.

*Defendant's Statement*

The parties agree that all discovery previously taken by the parties in Pfizer Inc. v. Teva Pharms. USA, Inc., No. 04-1418 DMC (D.N.J. 2004), and Pfizer Inc. v. IVAX Pharms. Inc., No. 07-CV-0174 DMC (D.N.J. 2007), will be treated as if taken in this case. Further, the parties agree that they will not take any further discovery concerning the '600 patent in this action. This agreement shall not prevent Teva from taking discovery concerning the '600 patent to the extent such discovery is relevant to or may reasonably lead to the discovery of admissible evidence rebutting any claim of a nexus between the '162 and '295 patents, and any secondary considerations of non-obviousness of the claimed inventions of those patents.

Teva intends to disclose information described in Rule 26(a) of the Federal Rules of Civil Procedure with respect to the following issues: 1) the research and development of the Teva Product; 2) the subject of the Teva ANDA; 3) the testing and data underlying any information provided to the FDA that support the Teva ANDA; 4) the invalidity of the '162 and '295 patents; and 5) a copy of, or a description by category and location, of all electronically stored information that Teva may use to support its claims or defenses (provided Pfizer agrees to also provide such information). Teva's disclosures under Rule 26(a) of the Federal Rules of Civil

Procedure will include a complete copy of the Teva ANDA and any material amendments to it, and communications with the FDA that are relevant to the issues in this case.

It is Teva's position that Pfizer is obligated to disclose information described in Rule 26(a) of the Federal Rules of Civil Procedure with respect to the following issues, at a minimum: 1) the residence and the present or last known place of employment of each of the inventors of the '162 and '295 patents; 2) the availability for deposition of each of the inventors of the '162 and '295 patents, and whether Pfizer will agree to produce the inventors of the '162 and '295 patents for deposition, and produce relevant documents in their possession, without requiring that Teva seek subpoenas or letters of request for depositions and relevant documents pursuant to The Hague Convention; 3) the research and development of Detrol ® LA, and any technology embodied in the claims of the '162 and '295 patents, including the names, residences and business addresses of persons who conducted, participated in, or were responsible for research and development, and the identification and location and manner of storage of documents concerning the research and development of Detrol ® LA, and any technology embodied in the claims of the '162 and '295 patents; 4) the subject of Pfizer's New Drug Application 021228 ("the Pfizer NDA"), for tolterodine tartrate extended release capsules, in 2 and 4mg dosages; 5) the testing and data underlying any information provided to the FDA; 6) the '162 and '295 patents, the prosecution of the '162 and '295 patents, and any relevant prior art; 7) the validity and infringement of the '162 and '295 patents; 8) any alleged secondary considerations of non-obviousness; and 9) a copy of, or a description by category and location, of all electronically stored information that Pfizer may use to support its claims or defenses. It is Teva's position that Pfizer's disclosures under Rule 26(a) of the Federal Rules of Civil Procedure should include complete copies of the prosecution histories of the '162 and '295 patents and all correspondence

related thereto; the Pfizer NDA and any amendments to it, and communications with the FDA related thereto; and all documents concerning the research and development of Detrol ® LA, and any technology embodied in the claims of the patents-in-suit, including inventor lab notebooks.

Teva proposes that neither party shall take discovery concerning whether this is an "exceptional case" unless and until there is a prevailing party pursuant to 35 U.S.C. § 285.

*Agreed Statement*

The parties agree to a November 14, 2008 deadline for completion of fact discovery.

### N. Subjects and Timing of Expert Testimony

*Plaintiffs' Statement*

Pfizer expects that expert discovery will be necessary in this case. Pfizer proposes that on or before January 14, 2009, each party serve expert reports with respect to any issue on which the serving party bears the burden of proof, that the parties serve rebuttal expert reports on or before February 20, 2009, and that the parties complete expert depositions on or before April 3, 2009.

*Defendant's Statement*

Teva expects that expert discovery will be necessary in this case. Teva proposes that on or before January 14, 2009, each party serve opening expert reports with respect to any issue on which the serving party bears the burden of proof, that the parties serve rebuttal expert reports on or before February 20, 2009, that the parties serve responding expert reports for issues raised for the first time in the rebuttal expert reports on or before March 3, 2009, and that the parties complete expert depositions on or before April 3, 2009.

O. **Changes in Discovery Limitations**

*Plaintiffs' Statement*

Pfizer proposes that the parties adhere to Fed. R. Civ. P. 30(a)(2)(A), such that no more than 10 fact depositions per side be taken without leave of Court. Pfizer further proposes that no more than five days of Rule 30(b)(6) testimony be permitted, and that each seven-hour day of Rule 30(b)(6) testimony shall count as one deposition against the allotment of fact depositions of the party taking such Rule 30(b)(6) deposition. Pfizer further proposes that the parties adhere to Rule 33(a) such that no more than 25 interrogatories per side be propounded without leave of Court.

Pfizer will make available for deposition under the Federal Rules of Civil Procedure all witnesses on which Pfizer intends to rely, but several such witnesses reside outside the United States, and Pfizer cannot, at this time, consent on behalf of such witnesses to depositions in the United States or in any other location outside their country of residence. If Teva intends to depose any other witnesses residing in Europe or otherwise outside the United States, Teva may have to arrange such depositions through the Hague Convention.

*Defendant's Statement*

Teva proposes that no more than 15 fact depositions per side be taken without leave of court, which exceeds the limit set forth in Fed. R. Civ. P. 30(a)(2)(A), in part because there are 11 named inventors of the '162 and '295 patents. Teva proposes that the length of depositions shall be consistent with one seven-hour day; however, if an interpreter is required, the parties will act reasonably and negotiate additional time on a case by case basis. Teva further proposes that no more than five days of Rule 30(b)(6) testimony be permitted, and that each seven-hour day of Rule 30(b)(6) testimony shall count as one deposition against the allotment of fact depositions of the party taking such Rule 30(b)(6) deposition.

Teva will make available for deposition under the Federal Rules of Civil Procedure all witnesses on which Teva intends to rely, but some of these witnesses reside outside the United States, and Teva cannot, at this time, consent on behalf of all such witnesses to depositions in the United States or in any other location outside their country of residence. If Pfizer intends to depose any other witnesses residing outside the United States, Pfizer may have to arrange such depositions through the Hague Convention.

Teva further proposes that the Federal Rules of Civil Procedure should govern the number and scope of interrogatories, including that no more than 25 interrogatories per side be propounded without leave of court. Teva proposes that S.D.N.Y. Local Rule 33 should not apply, because it restricts interrogatories according to various stages of discovery in a way that is not appropriate for this case.

Teva further proposes that each party be limited to serving 50 requests for admissions, to be served only after the conclusion of all discovery.

Teva further proposes that the parties consent that service by email prior to 6:00 p.m. will have the effect of service by hand on that day. Service by email after 6:00 p.m. will be deemed served on the following business day.

Teva further proposes that the parties need not produce documents after the date of the filing of the complaint in this action. Teva further proposes that the parties need not log on a privilege log correspondence with litigation counsel after the date of the filing of the complaint.

Concerning discovery of email and other electronically stored information, Teva proposes that the parties need only search current servers (and not back-up tapes). Teva further proposes that the parties mutually agree upon search terms and the number/identity of persons to search.

P. **Settlement Discussions**

To date, the parties have been unable to settle the dispute underlying this action. Each party would be amenable to settlement discussions at the request of the other party at an appropriate time in the course of the litigation.

Q. **Jury Trial**

No issues are presently triable to a jury.

R. **Other Court Orders Pursuant to Rule 16(b)**

*Agreed Statement*

The parties will negotiate a Protective Order for entry by the Court.

*Plaintiffs' Statement*

Additionally, the parties respectfully request that the Court enter an order reflecting the following schedule for this action:

| EVENT | COMPLETION DATE |
| --- | --- |
| Initial Disclosures | March 14, 2008 |
| Amendments to Pleadings Without Leave of Court | August 15, 2008 |
| Close of Fact Discovery | November 14, 2008 |
| Expert Reports Due | January 14, 2009 |
| Rebuttal Expert Reports Due | February 20, 2009 |
| Expert Depositions Complete | April 3, 2009 |

*Defendant's Statement*

Additionally, Teva respectfully requests that the Court enter an order reflecting the following schedule for this action:

-14-

| EVENT | COMPLETION DATE |
|---|---|
| Initial Disclosures | March 14, 2008 |
| Amendments to Pleadings Without Leave of Court | June 13, 2008 |
| Close of Fact Discovery | November 14, 2008 |
| Opening Expert Reports Due | January 14, 2009 |
| Rebuttal Expert Reports Due | February 20, 2009 |
| Reply Expert Reports Due | March 3, 2009 |
| Expert Depositions Complete | April 3, 2009 |
| Dispositive Motions Due | May 2, 2009 |

## S. **Additional Matters**

In addition to the Preliminary Pre-Trial Statement topics listed in this Court's December 21, 2007 Initial Conference Order, the parties have also discussed the following subjects, with alternative proposals for the Court's consideration of specific issues so designated.

*Plaintiff's Statement*

Pfizer believes that claim construction with respect to the '600, '162, and '295 patents should not occur until after the completion of fact and expert discovery. The parties disputed the timing of claim construction in Pfizer Inc. v. Teva Pharms. USA, Inc., No. 04-1418 DMC (D.N.J. 2004). In that case, as here, Teva advocated premature claim construction. The court properly rejected Teva's request, and held that claim construction would not occur until after the completion of discovery.

This Court has previously recognized that construing patent claims after discovery eliminates the possibility of multiple claim construction proceedings and promotes efficiency, because the parties and the court then have a "full picture of the claimed invention and the prior

art." Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 420 n.10 (S.D.N.Y. 2003) (quoting Sofamor Danek Group, Inc. v. DePuy-Motech, Inc., 74 F.3d 1216, 1221 (Fed. Cir. 1996)); Westvaco Corp. v. Viva Magnetics Ltd., Civ. No.00-9399-LTS(KNF), 2002 WL 31052870, at *3 (S.D.N.Y. Sept. 13, 2002) (deferring claim construction) (Swain, J.). In addition, Teva's assertion that the Teva Product does not infringe the '162 and '295 patents—which have never been litigated before—necessitates technical discovery on both sides, during which the parties are likely to narrow the claims and claim terms in dispute. To hold claim construction prematurely, as Teva suggests, would require the Court and the parties to construe almost every term and almost every claim. If the Court wishes, Pfizer would be happy to provide a brief on this issue.

*Defendant's Statement*

Contrary to Plaintiffs' Statement, the court in Pfizer Inc. v. Teva Pharms. USA, Inc., No. 04-1418 DMC (D.N.J. 2004) did not hold that claim construction would not occur until after the completion of discovery. Rather, the Court was not faced with the issue because the parties ultimately agreed that there were no claim construction issues. In any event, it is Teva's position that the claims of the '162 and '295 patents, which were not at issue in the District of New Jersey action, require construction.

Teva believes it is appropriate to determine early in this case what claims Pfizer contends that Teva infringes and whether there are any claim construction disputes with respect to the '162 and '295 patents. Any disputes can then be resolved, if necessary, through a *Markman* process. Such an approach is efficient as it will conserve the parties' and the Court's resources by streamlining discovery and eliminating issues from the case. Because cases frequently turn on the meaning of the claims, "[i]t is well-recognized that the construction of claims may resolve

some or all of the issues of infringement." *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). The claims should be construed before expert discovery commences as expert opinions in patent cases frequently turn on claim construction. Further, Pfizer should have current knowledge of how it believes its own patents should be construed, as it was required to perform a claim construction on its own patent prior to filing an infringement action. *View Eng'g v. Robotic Vision Sys.*, 208 F. 3d. 981, 986 (Fed. Cir. 2000). Finally, significant fact discovery is unwarranted as Pfizer's claim construction should not require, depend upon, or be influenced by discovery concerning the accused infringing product. *Jurgens v. McKasy*, 927 F.2d. 1552, 1560 (Fed. Cir. 1991) ("[A] claim is construed without regard to the accused product."). If the Court wishes, Teva would be happy to provide a brief on this issue.

Teva proposes that Pfizer identify the asserted claims by **May 2, 2008**.

Further, Teva proposes the following schedule for claim construction:

a)   Parties exchange lists of claim terms needing construction: **June 1, 2008.**

b)   Plaintiffs serve claim charts with proposed construction of all terms identified by the parties with citations to supporting intrinsic evidence. Plaintiffs identify the products/methods accused of infringement, the claims asserted against each accused product/method, and how each accused product/method meets the limitations of each asserted claim: **June 13, 2008.**

c)   Defendants serve claim charts with proposed claim construction of all terms identified by the parties with citations to supporting intrinsic evidence: **July 11, 2008.**

d)   Plaintiffs disclose all extrinsic evidence and any expert reports for claim construction under Rule 26 plaintiffs will rely on in support of its proposed claim construction; depositions of experts on claim construction issues commence: **August 1, 2008.**

e)   Defendants disclose all extrinsic evidence and any expert reports for claim construction under Rule 26 defendant will rely on in support of its proposed claim construction: **August 15, 2008.**

f)   File Joint Claim Construction Statement: **September 1, 2008.**

g)  Plaintiffs' Markman Brief: **September 19, 2008**.

h)  Defendant's Responsive Markman Brief: **October 17, 2008**.

i)  Plaintiffs' Reply Markman Brief: **October 31, 2008.**

j)  Markman Hearing: To be set by the Court.

Dated: February 29, 2008
       New York, NY

        **WHITE & CASE LLP**
        1155 Avenue of the Americas
        New York, NY 10036
        Tel.: (212) 819-8200
        Fax: (212) 354-8113

        Dimitrios T. Drivas (DD 8891)
        Jeffrey J. Oelke (JO 2534)
        Adam Gahtan (AG 8802)
        James S. Trainor (JT 2520)

        *Attorneys for Plaintiffs Pfizer Inc., Pharmacia &*
        *Upjohn Company LLC, and Pfizer Health AB*

        **GOODWIN PROCTER LLP**

        David M. Hashmall (DH9966)
        GOODWIN PROCTER LLP
        599 Lexington Avenue
        New York, NY 10022
        dhashmall@goodwinprocter.com
        Tel: (212)813-8800
        Fax: (212)355-3333

        OF COUNSEL:

        Don M. Kennedy
        dkennedy@goodwinprocter.com

(Pro Hac Vice Admission Pending)
Elaine H. Blais
eblais@goodwinprocter.com
(Pro Hac Vice Admission Pending)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for Defendant
Teva Pharmaceuticals USA, Inc.*