UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x



PFIZER INC., PHARMACIA & UPJOHN CO., LLC
and PFIZER HEALTH AB,

        Plaintiffs,

  -v-                                      No. 07 Civ. 11198 (LTS)(KNF)

TEVA PHARMACEUTICALS USA, INC.,

        Defendant.

------------------------------------------------------x

### ORDER

In this patent infringement action, Defendant Teva Pharmaceuticals USA, Inc. ("Defendant" or "Teva") moves to transfer the case to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the following reasons, the motion is granted.

### BACKGROUND

In March 2004, Plaintiffs brought an action against Teva in the District of New Jersey, alleging that Teva's commercial use of immediate-release ("IR") tolterodine tartrate tablets had infringed Pfizer's patent, United States Patent No. 5,382,600 ("the '600 patent"). The '600 patent covers an IR drug manufactured by Pfizer under the trade name "Detrol"; that drug also contains tolterodine tartrate. Teva raised affirmative defenses and counterclaims that the '600 patent was invalid for obviousness and was also unenforceable due to alleged inequitable conduct during Pfizer's prosecution of the '600 patent. See Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc., No. 04-1418 (DMC) (D.N.J. 2004). In January 2007, also in the District of New Jersey, Plaintiffs brought an

action against IVAX Pharmaceuticals, Inc. ("IVAX"), which was seeking to obtain FDA approval for its own IR version of a tolterodine tartrate tablet. Plaintiffs alleged that IVAX was also infringing the '600 patent, and IVAX raised the same affirmative defenses and counterclaims raised by Teva in the first action. Because Teva had acquired IVAX in late 2006, Teva was soon afterward joined as a defendant in that action. See Pfizer, Inc. v. IVAX Pharmaceuticals, Inc., No. 07-CV-0174 (DMC) (D.N.J. 2007). In March 2007, after Teva decided to forgo development of its IR tolterodine tartrate tablet in favor of IVAX's version of the same, Plaintiffs and Teva agreed to dismiss the first action, provided that discovery taken in the first action be treated as if it were taken in the second action ("the pending New Jersey action"). Discovery has closed or is about to close with respect to the pending New Jersey action, and the parties anticipate that summary judgment motion practice will be commenced in the next few months.

On December 12, 2007, Plaintiffs filed the instant action, alleging as they did in the first New Jersey action that Teva had infringed Plaintiffs' '600 patent. In addition, Plaintiffs alleged that Teva also infringed United States Patent Numbers 6,630,162 ("the '162 patent") and 6,770,295 ("the '295 patent"), which, unlike the '600 patent, cover a pharmaceutical formulation technology that provides for the extended release ("ER") of tolterodine, as embodied in the drug manufactured by Pfizer under the trade name "Detrol LA." (The "LA" stands for "long-acting.") Plaintiffs allege that Teva's attempt to obtain FDA approval of their own ER version of tolterodine tartrate tablets infringe the '162 and '295 patents. In response, Teva raised counterclaims and affirmative defenses that all three patents are invalid, and that the '600 patent is unenforceable due to alleged inequitable conduct in connection with Pfizer's prosecution. The parties have agreed that discovery taken in the pending New Jersey action (including the discovery taken in the original New Jersey action) may be treated as if it were taken in the instant action. Teva now moves to transfer the instant action to the

include infringement claims with respect to the '162 and '295 patents (relating to extended-release or long-acting versions of drugs containing tolterodine tartrate), evidence related to those two patents has been found relevant to the '600 patent infringement claim raised in the New Jersey action. On August 22, 2007, Plaintiffs themselves requested, and the magistrate judge granted, permission to extend discovery in order for the parties to obtain information related to Detrol LA and Teva's ER version of their tolterodine tartrate tablets, on the basis that such information is related to their '600 patent infringement claim. (Id. ¶ 15; Kennedy Aff. dated Feb. 19, 2008, Exs. 1, 4; see also D.N.J. 07 Civ. 174 Docket Entry Nos. 26-28.) Therefore, it cannot be said that the validity of the '600 patent is the only common substantive issue involved in the pending New Jersey action and this action. The practicability and likelihood of consolidation upon transfer to New Jersey is also high given Magistrate Judge Falk's relative familiarity with discovery issues as it relates to all three patents, which would further yield efficiencies with respect to pretrial management and an ultimate trial on the merits. Lastly, there is a risk that the '600 patent will be interpreted differently in both actions, "creating inconsistent claim construction rulings, piecemeal litigation and inconsistent judgments," Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc., 512 F. Supp. 2d 1169, 1177 (W.D. Wis. 2007), with respect to the '600 patent. For all of these reasons, the Court finds that the public interest factors weigh strongly in favor of transfer.

    Therefore, Defendant's motion to transfer this action to the District of New Jersey is granted. The Clerk of Court is respectfully requested to terminate Docket Entry No. 7, close this case

in this district, and promptly effectuate the transfer.

In light of this disposition of the transfer motion, the scheduled March 7, 2008, initial pretrial conference in this case is marked off the calendar.

SO ORDERED.

Dated:   New York, New York
         March 6, 2008

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge